☑ FILED  ___ RECEIVED
___ ENTERED  ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 28

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

DANIEL G. BOGDEN
United States Attorney
MARGARET M. STANISH
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CR-S-04- |
| vs | ) **PLEA MEMORANDUM** |
| ATV ADVENTURES, INC., a Nevada Corporation | ) CR-S-04-0244-JCM-RJJ |
| Defendant. | |

The United States, by and through Daniel G. Bogden, United States Attorney, and Margaret M. Stanish, Assistant United States Attorney, the defendant-corporation, **ATV ADVENTURES, INC.**, by and through its authorized representative, Christine Ward, President, and its attorney, Daniel J. Albregts, Esquire, submit this plea memorandum.

## I.

## PLEA AGREEMENT

The United States and the defendant have reached the following plea agreement, which is not binding on the court:

**The Plea**

1. **ATV ADVENTURES, INC.** will plead guilty to Counts One and Two of the Information, charging it with Removal, Damage and Alteration of Archaeological Resources,

10

felony violations of the Archaeological Resource Protection Act, Title 16, United States Code, Section 470ee(a), and Aiding and Abetting, Title 18, United States Code, Section 2. At the request of the defendant-corporation, this agreement also disposes of certain administrative actions, as more fully described below.

**Additional Charges**

2. The United States Attorney's Office for the District of Nevada (hereinafter "The United States") will bring no additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum. Except as provided herein, the Bureau of Land Management will take no additional administrative action against the defendant's Special Recreation Permit, granted on September 25, 2000, for violations arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**Sentencing Guideline Considerations and Recommendations**

3. Pursuant to U.S.S.G., §§ 8C2.1, the parties agree that the Sentencing Guidelines for determining the fine do not apply since the defendant violated the Archaeological Resource Protection Act. The parties agree that the defendant shall pay a fine of $60,000, to be suspended according to the terms set forth below in Paragraph 4.B.

4. The parties agree that the defendant serve a term of probation of two years with the following conditions:

    A. <u>Compliance Program</u>: At the time of sentencing, the defendant will submit to the Court a program to prevent and detect violations of the Archaeological Resource Protection Act. Such compliance program shall include a schedule of implementation. The defendant shall notify all employees of its criminal behavior and its program to prevent and detect violations of the Archaeological Resource Protection Act.

    B. <u>Community Service</u>: The parties agree that the fine be suspended for the explicit purpose of enabling the defendant to apply the suspended amount to the performance of community service pursuant to U.S.S.G., § 8B1.3 and in furtherance of the sentencing principles

delineated in 18 U.S.C. § 3553(a). The explicit goals of the defendant's community service are to protect and preserve archeological resources in the District of Nevada by financially supporting: (1) a public education program on the Archeological Resource Protection Act (16 U.S.C. §§ 470, et seq.) and Native American Graves Protection and Repatriation Act (18 U.S.C. § 1170); (2) investigation and prosecution of violations of said statutes; and (3) the monitoring the defendant's adherence with the compliance program set forth above. Accordingly, the parties agree that the defendant will pay $60,000 to the National Park Foundation (the "NPF"), 16 U.S.C. § 19e, et seq. The NPF is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 19e-19o. It was established to encourage "private gifts of real and personal property" for the benefit of the National Park Service in order "to further the conservation of natural, scenic, historic, scientific, educational, inspirational, or recreational resources for future generations of Americans." Id. § 19e. The NPF is empowered to "do any and all lawful acts necessary or appropriate to its purposes," including acceptance and administration of any "gifts, devises, or bequests." Id. §§ 19g and 19j.

**Restitution**

5. The defendant shall pay restitution in the sum of $13,578 to the Bureau of Land Management for restoration and repair of the damaged and altered archeological resources caused by the offense, including relevant conduct. In return for this agreement, the United States will not bring additional charges against the defendant arising out of the investigation which culminated in this Plea Memorandum. The defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

**Special Assessment**

6. The defendant will pay the special assessment of $400 for each count of conviction at the time of sentencing.

**Special Recreation Permit**

7. The defendant has requested that the United States globally resolve criminal charges in the instant case along with administrative violations of its Special Recreation Permit issued

by the Bureau of Land Management ("BLM"). To resolve the administrative violations arising from the investigation which culminated in this Plea Memorandum:

A. **ATV ADVENTURES, INC.'s** Special Recreation Permit ("Permit"), granted by BLM on September 25, 2000, pursuant to 43 United States Code (U.S.C.) 1201; 43 U.S.C. 1701; 16 U.S.C. 460 L-6(a) and 43 Code of Federal Regulations (CFR) Group 8300, shall be suspended for a period of 30 days during calendar year 2004. **ATV ADVENTURES, INC.,** shall select the 30 days during which it will suspend its operations under the Permit and will notify BLM of the dates it will suspend operations within 30 days from the date of entry of the Plea Memorandum.

B. **ATV ADVENTURES, INC.,** agrees as a condition of the Plea Memorandum that should it violate any term or condition of the Plea Memorandum or the Permit, its Permit granted by BLM on September 25, 2000, pursuant to 43 United States Code (U.S.C.) 1201; 43 U.S.C. 1701; 16 U.S.C. 450 L-6(a) and 43 CFR Group 8300, shall be cancelled by BLM **ATV ADVENTURES, INC.,** further agrees that should its permit be cancelled by BLM for violation of a term or condition of the Plea Memorandum or the Permit, **ATV ADVENTURES, INC.,** voluntarily waives any and all right to appeal cancellation of its permit either to an administrative body such as BLM, the Interior Board of Land Appeals, the Department of the Interior, or to a competent judicial forum.

**Waiver of Appeal**

8. In exchange for the concessions made by the Untied States in this plea agreement, the defendant knowingly and expressly waives the right to appeal any sentence that is imposed within the applicable Sentencing Guideline range as determined by the court, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title

4

18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including restitution.

**Additional Promises, Agreements, and Conditions**

9. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and not will be entered into unless in writing and signed by all parties.

## II.

## PENALTY

1. The maximum fine is $500,000 per count pursuant to 18 U.S.C. § 3571(c)(3).

2. The defendant is subject to term of probation not exceeding one 5 years.

3. The defendant must pay a $400 special assessment for each count of conviction for a total special assessment of $800.

4. The defendant is required to pay for the costs of probation.

## III.

## ELEMENTS

The essential elements for the crime of Removal, Damage and Alteration of Archaeological Resources, Title 16, United States Code, Section 470ee(a), are the following:

First: the defendant knowingly excavated, removed, damaged, altered or defaced archeological resources, that is, Native American artifacts and other artifacts that were of archaeological interest and at least 100 years of age;

Second: the defendant knew that such Native American artifacts and other artifacts were of archaeological interest and at least 100 years of age;

Third: the defendant excavated, removed, damaged, altered or defaced archeological resources located on federal public lands without a permit; and

Fourth: the archeological resources involved a cost of restoration and repair plus the archeological value exceeding $500.

5

## IV.

## FACTS

The defendant is pleading guilty because it is guilty of Counts One and Two as charged in the information. In pleading to these offenses, the defendant acknowledges that if it elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant specifically admits the following facts, and declares under penalty of perjury that these facts are true and correct:

1. At all times relevant, **ATV ADVENTURES, INC.** was a Nevada corporation engaged in the business of providing all-terrain vehicle ("ATV") tours on federal public lands located in Logandale, Nevada. Between on or about October 2001 and July 2003, **ATV ADVENTURES, INC.**, through its employees, routinely collected Native American artifacts from Smithsonian Sites 26CK1913 and 26CK192, which were located on public lands under the jurisdiction of the Bureau of Land Management. After taking the artifacts from the sites, the employees displayed the artifacts on rocks for viewing by customers of **ATV ADVENTURES, INC.** Furthermore, employees of **ATV ADVENTURES, INC.** caused some customers to take and carry away artifacts from the sites.

3. At all times relevant, **ATV ADVENTURES, INC.**, through its employees, knew that the Native American artifacts were at least 100 years old and of archaeological interest. Furthermore, **ATV ADVENTURES, INC.** and its employees knew that they did not have a permit to excavate, remove, damage, alter, and deface archeological resources on federal public lands. The archeological value, commercial value, and cost of restoration and repair of the affected archeological resources is approximately $41,798.53.

## V.

## ACKNOWLEDGMENT

The undersigned defendant, **ATV ADVENTURES, INC.**, acknowledges by the signature of the below authorized representative that the defendant has read this Memorandum of Plea Agreement, that

6

it understands the terms and conditions, and the factual basis set forth herein, that it has discussed these matters with its attorney, and that the matters set forth in this Memorandum, including those facts which support a plea of Guilty, are true and correct.

The undersigned authorized representative of **ATV ADVENTURES, INC.**, acknowledges that defendant organization has been advised, and understands, that by entering a plea of Guilty it is waiving, that is, giving up, certain rights guaranteed to the defendant organization by law and by the Constitution of the United States. Specifically, the defendant organization is giving up:

The right to proceed to trial by jury on the original charges, or to a trial by a judge if it and the United States both agree;

The right to confront the witnesses against it at such a trial, and to cross-examine them;

The right to remain silent at such trial, with such silence not to be used against it in any way;

The right, should the defendant organization so choose, to testify in its own behalf at such a trial;

The right to compel witnesses to appear at such a trial, and to testify in behalf of the defendant organization; and,

The right to have the assistance of an attorney at all stages of such proceedings.

The undersigned defendant organization through its authorized representative, the defendant's attorney, and the attorney for the United States acknowledge that this Memorandum of Plea Agreement and the attached Administrative Licensing and Forfeiture Stipulation are the entire

. . .

. . .

. . .

. . .

7

agreement negotiated by and agreed to by and between the parties, and that no other promises have been made or implied by either the defendant, its attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney
District of Nevada

2/14/04
DATED

MARGARET M. STANISH
Assistant United States Attorney

6/8/04
DATED

CHRISTINE WARD
President
In her capacity as an authorized representative for
**ATV ADVENTURES, INC.**

6/8/04
DATED

DANIEL J. ALBREGTS, Esquire
Counsel for **ATV ADVENTURES, INC.**

8